UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

IVELISSE MALAVE, on behalf of herself
and all others similarly situated,

                             Plaintiff,

     -against-                                    3:17-CV-0816 (LEK/DEP)

GAULT AUTO MALL, INC., *et al.*,

                             Defendants.
─────────────────────────────────────────

## DECISION AND ORDER

**I.    INTRODUCTION**

      This matter comes before the Court following a report-recommendation filed on January 17, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 23 ("Report-Recommendation"). Judge Peebles recommended that the Court grant Defendants' motion for summary judgment. Rep.-Rec. at 20. See Dkt. No. 16 ("Summary Judgment Motion"). Plaintiff Ivelissa Malave timely filed objections. Dkt. Nos. 26 ("Objections Memorandum"); 26-2 ("Objections Declaration").

**II.    LEGAL STANDARD**

      Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y.

Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

Plaintiff argues that Judge Peebles improperly concluded that: (1) Defendants established that they are "primarily engaged in the business of selling . . . vehicles or implements to ultimate purchasers"; (2) Defendants established that Plaintiff was a service advisor "primarily engaged in" selling services for the vehicles sold by Defendants; and (3) the relevant Fair Labor Standards Act ("FLSA") exemption, 29 U.S.C. § 213(b)(10)(A), applies to service advisors. Objs. Mem. at 2, 5, 11–21. Furthermore, Plaintiff argues that, because the Supreme Court is in the process of deciding whether the exemption applies to service advisors, the Court should conserve "precious resources" and deny Defendants' Summary Judgment Motion. Id. at 20. The Court addresses these objections below.

### A. Whether Defendants Are Primarily Engaged in the Business of Selling Vehicles

The FLSA overtime exemption relevant to Plaintiff's claim exempts

> any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.

2

§ 213(b)(10)(A). Defendant has the burden of establishing the applicability of this exemption. Chen v. Major League Baseball Props., Inc., 798 F.3d 72, 81–82 (2d Cir. 2015). Plaintiff contends that Judge Peebles improperly concluded that Defendants were "primarily engaged in the business of selling . . . vehicles or implements to ultimate purchasers." Objs. Mem. at 3; see Rep.-Rec. at 11. This essentially reiterates the argument Plaintiff made in her response to Defendants' Summary Judgment Motion. Dkt. No. 18 ("Response") at 3–5. The Court, therefore, reviews Judge Peebles's findings on this issue for clear error.

"As applied to [Defendants], primarily engaged means that over half of the establishments annual dollar volume of sales made or business done must come from the sales of the enumerated vehicles." 29 C.F.R. § 779.372. Defendants did not submit evidence regarding what percentage of their revenue came from vehicle sales in their initial motion papers. The statement of material facts submitted in support of their Summary Judgment Motion asserts that "Defendants' automobile dealerships are nonmanufacturing establishments primarily engaged in the business of selling such vehicles or implements to ultimate purchasers," but this statement was not supported by a citation to the record. Dkt. No. 16-2 ("Statement of Material Facts") ¶ 1. In their Response, Plaintiff argued that summary judgment should be denied because Defendants provided no support for this assertion, and because it is possible that vehicle servicing accounts for a greater share of Defendants' revenue than vehicle sales. Resp. at 4. Defendants submitted, alongside their reply brief, Dkt. No. 19 ("Reply"), several documents indicating that vehicle sales accounted for the vast majority of their revenue. Dkt. Nos. 19-1 ("Belknap Declaration"); 19-2 to -5 (stating that, between 2013–16, between 88% and 89% of Defendants' annual revenue came from vehicle sales).

Judge Peebles found that the parties did not "seriously . . . dispute" that Defendants were primarily engaged in the sale of vehicles, and stated that, "[a]lthough critical of [D]efendants for not including such evidence in their initial submission, during oral argument [P]laintiff acknowledged that it was likely [D]efendants could meet this third element." Rep.-Rec. at 11. However, as Plaintiff observes, Objs. Mem. at 4, her counsel did not concede that Defendants met this element at oral argument. In fact, at a motion hearing held on January 3, 2018, Plaintiff's counsel told Judge Peebles that "additional discovery" could clarify whether Defendants met the FLSA exemption criteria, criticized Defendants' submission of evidence as untimely, and complained that counsel had an inadequate opportunity to respond to the evidence. Dkt. No. 26-2 ("Motion Hearing Transcript") at 17–18.

The Court finds that an evidentiary hearing is required on the issue of whether Defendants receive over half of their annual revenue from vehicle sales. "[I]t is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). Defendants have the burden of establishing the requirements of the FLSA exemption, and provided no evidence indicating that they were primarily engaged in the sale of vehicles until their Reply. It would be unfair to dismiss Plaintiff's claims without giving her an opportunity to challenge this evidence. Even if it appears unlikely, it is possible that Plaintiff could create a genuine issue of material fact regarding whether something other than vehicle sales accounts for the majority of Defendants' revenue.

Acknowledging that an evidentiary hearing is necessary, the Court now turns to Plaintiff's contention that vehicle leases may not count as a vehicle sale for the purpose of establishing whether Defendants are primarily engaged in the sale of vehicles. Obj. Mem. at 3. 29 U.S.C. § 203(k) defines a "sale" as "any sale, exchange, contract to sell, consignment for sale, shipment for sale, *or other disposition*." (emphasis added). The expansive phrase "or other disposition" suggests that the word "sale" encompasses more business transactions than those involving the transfer of title to property. See Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 164 (2012) (holding that the phrase "other disposition" in § 203(k) requires "sale" to have a broader definition than exchanges involving "the transfer of title to tangible property" (internal quotation marks omitted)). Numerous circuits have held that the leasing of real property counts as an "other disposition" and, thus, a sale, under § 203(k). E.g., Brennan v. Dillion, 483 F.2d 1334, 1337 (10th Cir. 1973); Schultz v. Falk, 439 F.2d 340, 347 (4th Cir. 1971); Wirtz v. Savannah Bank & Trust Co. of Savannah, 362 F.2d 857, 863 (5th Cir. 1966). The Ninth Circuit, analogizing to cases involving the leasing of real property, held that leasing a car to an "individual user[]" qualifies as a sale. Gieg v. DDR, Inc., 407 F.3d 1038, 1048 (9th Cir. 2005). The Court considers this authority persuasive, and finds that leasing a vehicle is a "sale" of a vehicle within the meaning of § 203(k).

In sum, the Court finds that Judge Peebles erred by concluding that Defendants had presented sufficient evidence to establish that they are primarily engaged in the sale of vehicles, and directs Judge Peebles to schedule and oversee an evidentiary hearing on the limited issue of whether Defendants acquire over half of their annual revenue from vehicle sales. Revenue from

5

both vehicle sales involving the transfer of title to property and vehicle leases must be considered when analyzing Defendants' annual revenue.

### B.  Plaintiff's "Service Advisor" Objections

Plaintiff also objects to Judge Peebles's finding that the § 213(b)(10)(A) exemption applies to service advisors, and to his finding that she is a service advisor "primarily engaged in" selling services for the vehicles sold by Defendants. Objs. Mem. at 5, 11–21. These objections reiterate the arguments Plaintiff made to Judge Peebles in her Response. Resp. at 5–17. The Court has reviewed Judge Peebles's findings on these issues for clear error, and has found none. The Court adopts his  well-reasoned conclusion that the exemption applies to service advisors, and that Plaintiff is a service advisor "primarily engaged in" selling services.

Finally, Plaintiff observes that the Supreme Court is currently deciding Encino Motorcars, LLC v. Navarro, No. 16-1362, a case involving "the very issue of whether service advisors, such as Plaintiff, are covered by the [e]xemption," Objs. Mem. at 20. She argues that the Court should simply wait for the Supreme Court's decision to avoid "consum[ing] precious resources for no reason." Id. "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., No. 04-CV-210, 2011 WL 3610717, at *1 (E.D.N.Y Aug. 15, 2011). The Supreme Court granted certiorari in Navarro in September 2017. 138 S. Ct. 54 (2017). Plaintiff did not submit her Response until December 11, 2017. Resp. She could have raised this argument in her Response, but did not. Therefore, the Court will not consider this objection to the Report-Recommendation.

## IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 23) is **APPROVED and ADOPTED in part** with respect to Judge Peebles's findings that the exemption in 29 U.S.C. § 213(b)(10)(A) covers service advisors, and that Plaintiff's job duties as a service advisor fell within the exemption; and it is further

**ORDERED**, that Judge Peebles schedule and oversee an evidentiary hearing on the limited issue of whether Defendants earn over half their revenue from the sale of vehicles; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 07, 2018
         Albany, New York

Lawrence E. Kahn
U.S. District Judge